IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY D. JOHNSON,<br><br>      Plaintiff,<br><br>v.<br><br>JANE DOE #2,<br><br>      Defendant. | Case No. 24-cv-1806-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Larry D. Johnson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case was severed from Johnson's claims in *Johnson v. Sadler, et al.*, Case No. 24-cv-1385-DWD (Doc. 1). Johnson has now indicated his intention to proceed on the severed claim (Doc. 7), and the case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

      The following claim was severed into this case and has been renumbered:

      **Count 1:**    Eighth Amendment deliberate indifference claim against Jane Doe #2 for refusing to further investigate Johnson's chest pain in November of 2023 and February of 2024.

(Doc. 1, p. 6).

In his Complaint, Johnson alleges that he had EKGs after he complained of extreme chest pains (Doc. 1, p. 4). Specifcially, Jane Doe #2 conducted EKGs on November 24, 2023, and February 1, 2024, after Johnson was pulled out of his cell for a medical emergency (Doc. 2, p. 12). After one of the tests, Jane Doe #2 told Johnson that she did not know what plagued him, but it was not his chest. Jane Doe #2 did not conduct any further investigation into his medical condition (Doc. 1, p. 4). Johnson continues to suffer from severe pain in his neck, chest, right shoulder, arm, hand and back (*Id*.).

## Discussion

At this stage, Johnson states a viable claim against Jane Doe #2 for her deliberate indifference to his chest pains. To help identify Jane Doe #2, the Court **ADDS** Warden Anthony Wills, in his official capacity only, to respond to discovery aimed at identifying the Jane Doe.

In addition to his Complaint, Johnson indicates in his response (Doc. 7) that his claim against Jane Doe #2 was related to his excessive force and deliberate indifference claims in his original case (*See* Doc. 1, pp. 5-6). He alleges that his chest pain was the result of the injuries he sustained in the alleged assault by guards. *See* Case No. 24-cv-1385-DWD (Counts 1 and 2). He also alleges that his attempts to obtain care from Jane Doe #2 was part of a series of occurrences seeking care for his injuries. Johnson's Complaint, however, fails to connect his treatment by Jane Doe #2 with his claims of excessive force. Further, Judge Dugan noted that even if a claim is eligible for joinder, the Court still possesses the discretion to separate claims into distinct lawsuits (Doc. 1, p. 11). *See also Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022). Here, severing Johnson's claim against Jane Doe #2 was proper because the claim involved care provided by a different defendant at a different time. To the extent that Johnson now requests to join his claim against Jane Doe #2 with his previous claims, his request is **DENIED**.

Johnson also argues in his response (Doc. 7) that Wexford Health Sources, Inc., was improperly dismissed in the original case (*See* Doc. 1, p. 6). Wexford was dismissed because Johnson merely alleged that the company was liable as the employer of Jane Doe #2 (*Id.*). Wexford can only be liable, however, if a constitutional violation was caused by a policy, practice, or custom of the corporation. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). In his response, Johnson argues that the dismissal was inappropriate because he alleged that his inadequate care was caused by a policy of Wexford. Johnson points to Paragraph 20 in his Complaint which alleges that Wexford "and their staff are running a lawless environmental system and practices adopted by all parties involved" (Doc. 2, p. 15). But Johnson's pleading fails to point to a specific policy or practice of Wexford that led to his denial of care; instead, he states only in conclusory fashion that Wexford has lawless practices. His allegations are simply too vague to state a claim against Wexford.

In his response, Johnson alleges that Wexford has a policy of allowing security, rather than medical staff, to dictate what medical treatment is provided to an inmate (Doc. 7, p. 2). But Johnson failed to include this allegation in the original pleading, and the Court does not accept piecemeal amendments to the Complaint. Further, Johnson fails to allege how this policy led to the denial of care in this case. He acknowledges that he was transported from his cell by security and received an EKG (Doc. 2, p. 12). To the extent that Johnson wishes to re-allege a claim against Wexford, he would have to file an Amended Complaint.

## Disposition

For the reasons stated above, Count 1 shall proceed against Jane Doe #2. Anthony Wills is **ADDED** in his official capacity only to help identify the Jane Doe.

The Clerk of Court shall prepare for Defendant Anthony Wills (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6

3

(Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Johnson. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Johnson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**. Because Anthony Wills is in the case for the sole purpose of responding to discovery aimed at identifying the Jane Doe, he does not need to file a formal Answer. Once he has entered his appearance, the Court will enter a scheduling order setting forth specific guidelines and parameters for discovery regarding the Jane Doe.

If judgment is rendered against Johnson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  August 29, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**